FILED

FEB 11 2010

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| CHRISTIAN JAMES SMITH, | ) |
| | ) Civil No. 10-04-PK |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| DETECTIVE KEVIN HILL, | ) |
| DETECTIVE MICHAEL BENNETT, | ) |
| MAREN SUBER, KATHRYN SMITH, | ) ORDER TO SHOW CAUSE |
| and JOHN DOE, | ) |
| | ) |
| Defendants. | ) |

PAPAK, Magistrate Judge.

Plaintiff, an inmate at the Snake River Correctional Institution, brings this action alleging defendants violated his civil rights. Should plaintiff wish to continue with this case, however, he must show cause why it should not be dismissed on the basis that a decision in his favor would imply the invalidity of his underlying conviction and sentence.

///

///

1 - ORDER TO SHOW CAUSE

## BACKGROUND

Plaintiff alleges, among other things, that defendants violated his constitutionally protected rights under the Fourth Amendment to be free from unlawful search and seizure and his constitutionally protected right to privacy when they repeatedly accessed his secured personal electronic mailbox without his consent or a required warrant. Complaint (#2), pp. 2-8.

## DISCUSSION

When a state prisoner seeks declaratory, injunctive, or monetary relief in a civil rights action, a district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of plaintiff's conviction or sentence. Edwards v. Balisok, 520 U.S. 641 (1997). A civil rights action that would call into question the lawfulness of a plaintiff's conviction or confinement is not cognizable unless plaintiff can prove that his conviction or sentence has already been reversed on direct appeal, expunged by executive order, or otherwise declared invalid in a state collateral proceeding or by the issuance of a federal writ of habeas corpus. Heck v. Humphrey, 512 U.S. 477, 486-87 (1994); Harvey v. Waldron, 210 F.3d 1008, 1013 (9th Cir. 2000).

Because it appears that a decision in plaintiff's favor in this case would imply the invalidity of his convictions and sentence, plaintiff is ordered to show cause why this action should

2 - ORDER TO SHOW CAUSE

not be dismissed. Plaintiff's failure to show cause within 30 days of the date of this order will result in the dismissal of this case.

## CONCLUSION

Should plaintiff wish to continue with this action, he must show cause within 30 days why this action should not be dismissed on the basis that it implicates the legality of his incarceration, or of a criminal conviction or sentence. Plaintiff's failure to show cause within 30 days will result in the dismissal of this case.

IT IS SO ORDERED.

DATED this 11th day of February, 2010.

_____
Paul Papak
United States Magistrate Judge

3 - ORDER TO SHOW CAUSE