

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF OREGON

CHRISTIAN JAMES SMITH,    ) CASE NO: 10-04-PK
PLAINTIFF,                )
                          )
V.                        )
                          )
DETECTIVE KEVIN HILL,     ) ORDER TO
ET AL.,                   ) SHOW CAUSE
                          )
DEFENDANTS.               )

COMES NOW THE PLAINTIFF, TO SHOW CAUSE WHY HIS FILED 42 U.S.C. §1983 COMPLAINT SHOULD NOT BE DISMISSED.

DISCUSSION

THE PLAINTIFF ACCUSES DEFENDANTS OF UNLAWFULLY SEARCHED, SEIZED, AND OR ACCESSED PLAINTIFFS E-MAIL ACCOUNT. THE PLAINTIFF ACCEPTED A PLEA-AGREEMENT TO RESOLVE CASE, BUT IS IN POST-CONVICTION IN THE STATE COURT, FOR THE INEFFECTIVE ASSISTANCE OF COUNSEL, DURING THE SENTENCING

1. PHASE OF THAT CASE.
2. THE PLAINTIFF ASSERTS THAT NOTE
3. NUMBER FOUR WITHIN <u>HECK V.</u>
4. <u>HUMPHREY</u>, 512 U.S. 477 (NOTE 4)
5. COVERS THIS CASE TO THE EXACT
6. CIRCUMSTANCES: "A SUIT UNDER
7. §1983 BY A STATE PRISONER FOR
8. DAMAGES ATTRIBUTABLE TO AN
9. ALLEGEDLY UNREASONABLE SEARCH
10. MAY LIE EVEN IF THE CHALLENGED
11. SEARCHED PRODUCED EVIDENCE THAT
12. WAS INTRODUCED IN A STATE
13. CRIMINAL TRIAL RESULTING IN
14. THE PLAINTIFFS STILL OUTSTANDING
15. CONVICTION, BECAUSE IN VIEW OF
16. DOCTRINES LIKE INDEPENDANT SOURCE
17. AND INEVITABLE DISCOVERY, AND
18. ESPECIALLY HARMLESS ERROR, SUCH
19. AS A §1983 ACTION EVEN IF
20. SUCESSFUL WOULD NOT NECESSARILY
21. IMPLY THAT THE PLAINTIFFS
22. CONVICTION WAS UNLAWFUL;"
23. THE PLAINTIFF AT NO TIME FILED
24. ANY MOTION TO REMOVE THE SAID

1. account during the duration of
2. his pre-trial period, opting
3. instead to use it if possible
4. to show police misconduct, while
5. keeping all evidence of those
6. searches available for defense
7. purposes.
8. Searches were conducted six
9. times prior to a legally valid
10. warrant being filed. The
11. eventual affidavit claims an
12. independant source, while the
13. affiant-detective Michael P.
14. Bennett fails to declare
15. actual method of discovering
16. plaintiffs account. Even with
17. its deficiencies the plaintiff
18. would not even legally attack
19. the affidavit. He would continue
20. to show misconduct.
21. If a decision is ultimately
22. granted for plaintiff, the
23. legality of those alleged searches
24. would have no bearing on the

Page 3 of 5

1  PLAINTIFFS STATE CRIMINAL PROCEEDINGS,
2  BECAUSE NEVER HAVING CHALLANGED
3  SAID SEARCHES THERE WOULD BE NO
4  REASON TO REMOVE OFFICERS
5  MISCONDUCT FROM PLAINTIFFS CASE.
6  THE PLAINTIFF INTENDED TO USE
7  THOSE ILLEGAL ACCESSINGS AGAINST
8  OFFICERS IN TRIAL.

## CONCLUSION

10  THE PLAINTIFF THEREFOR SHOWS THAT
11  IN NO WAYS ARE THE SEARCHES
12  IN THIS CIVIL CASE LEGALLY GOING
13  TO CHALLENGE HIS CRIMINAL CASE,
14  AND THAT DISCUSSION WITHIN
15  HECK V. HUMPHREY DESCRIBES
16  ALMOST PERFECTLY, THIS CASE. THE
17  PLAINTIFF PRAYS THAT THE COURT
18  THEREFOR ALLOWS THIS CASE TO
19  PROCEED ON THOSE GROUNDS

21  SIGNED THIS 17TH DAY OF FEBRUARY,
22  2010.   CHRISTIAN J. SMITH
23         PLAINTIFF

Page 4 of 5

1. #1265777#
2. SNAKE RIVER CORR. INST.
3. 777 STANTON BLVD
4. ONTARIO, ORE. 97914

Page 5 of 5

# CERTIFICATE OF SERVICE

CASE NAME: CHRISTIAN J. SMITH v. DETECTIVE KEVIN HILL, ET AL

CASE NUMBER: (if known) 3:10 CV 04-PK

COMES NOW, CHRISTIAN J. SMITH, and certifies the following:

That I am incarcerated by the Oregon Department of Corrections at THE SNAKE RIVER CORRECTIONAL FACILITY.

That on the 22 day of FEBRUARY, 2010, I personally placed in the Correctional Institution's mailing service A TRUE COPY of the following:

ORDER TO SHOW CAUSE

I placed the above in a securely enclosed, postage prepaid envelope, to the person(s) named at the places addressed below:

1. KENNETH S. MONTOYA / ATTY. FOR DETECTIVES HILL?
   555 LIBERTY ST. S.E.    BENNETT
   SALEM, ORE. 97301

2. (ATTY SMITH DEFENDANT)
   770 BIRCH ST
   JUNCTION CITY, ORE. 97448

3. MADEN SUBER
   3777 N.M ALDER
   SCIO, ORE. 97401

(Signature)

Print Name CHRISTIAN SMITH
S.I.D. No.: 12657771
777 STANTON BLVD
ONTARIO, ORE. 97914