FILED'10 MAR 31 9:49USDC-ORP

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | | |
|---|---|---|
| CHRISTIAN JAMES SMITH, | ) | |
| | ) | |
| Plaintiff, | ) | Civil No. 10-04-PK |
| | ) | |
| v. | ) | |
| | ) | |
| DETECTIVE KEVIN HILL, | ) | ORDER TO DISMISS |
| DETECTIVE MICHAEL BENNETT, | ) | |
| MAREN SUBER, KATHRYN SMITH, | ) | |
| and JOHN DOE, | ) | |
| | ) | |
| Defendants. | ) | |

BROWN, District Judge.

Plaintiff filed this civil rights action on January 4, 2010.

In its Order to Show Cause (#6) dated February 11, 2010, the court directed plaintiff to show cause, within 30 days of the date of that Order, why this action, in accord with <u>Heck v. Humphrey</u>, 512 U.S. 477 (1994), should not be dismissed on the basis that a decision in his favor would imply the invalidity of his underlying conviction and sentence.

1 - ORDER TO DISMISS

In his response (#8), plaintiff contends his case falls squarely within an exception noted in Heck at footnote seven[1] wherein the Supreme Court stated that because of doctrines like independent source and inevitable discovery, and especially harmless error, a § 1983 action for damages based on unreasonable search may lie even if the challenged search produced evidence that was introduced in a state criminal trial.

According to plaintiff, in his case:

> [s]earches were conducted six times prior to a legally valid warrant being filed. The eventual affidavit claims an independent source, while the affiant-detective Michael P. Bennett fails to declare actual method of discovering plaintiff's account. Even with its deficiencies, the plaintiff would not ever legally attack the affidavit. He would continue to show misconduct.

Response (#8), p. 3.

Noting there was a split in the circuits, the Ninth Circuit examined how Heck's footnote seven should be interpreted. That court ultimately held "that a § 1983 action alleging illegal search and seizure of evidence upon which criminal charges are based does not accrue until the criminal charges have been dismissed or the conviction has been overturned." Harvey v. Waldron, 210 F.3d 1008, 1015 (9th Cir. 2000).

Plaintiff does not contend the evidence seized in the allegedly unlawful searches of his electronic mailbox was not

---

[1] Though plaintiff refers to "NOTE 4", it is clear from the text he cites that he means footnote seven.

2 - ORDER TO DISMISS

evidence upon which his criminal charges were based. Rather, he suggests he did not and would not challenge the admissibility of Detective Bennett's affidavit. Accordingly, pursuant to Harvey, plaintiff's claims alleging defendants unlawfully searched his electronic mailbox implicate the validity of his conviction and therefore are not cognizable under Heck.

## CONCLUSION

Based on the foregoing, plaintiff's action is DISMISSED without prejudice to his right to re-file this action should he succeed in invalidating his underlying conviction on appeal or through a habeas corpus proceeding.

IT IS SO ORDERED.

DATED this 30th day of March, 2010.

_____
Anna J. Brown
United States District Judge

3 - ORDER TO DISMISS